IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                   No. 05-CR-2458-JC

JULIO RODRIGUEZ-LOPEZ,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Rodriguez-Lopez's Motion for a Bill of Particulars, filed on July 5, 2006 (*Doc. 139*) ("Motion"). The Court, having considered the Motion, response thereto, the relevant authority, and being otherwise fully advised, finds the Motion not well-taken and it is DENIED.

**I.    Background**

Defendant Rodriguez-Lopez is among fifteen (15) defendants charged in a thirteen-count Superseding Indictment. Count 1 charges conspiracy to possess with the intent to distribute more than one kilogram of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 846. Count 12 charges possession with the intent to distribute less than one hundred grams of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). and 18 U.S.C. § 2.

**II.    Standard of Review**

Rule 7(f) of the Federal Rules of Criminal Procedure allows a court to issue a bill of particulars under certain circumstances. "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to

minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988). However, "a bill of particulars is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial. [T]he defendant is not entitled to notice of all of the evidence the government intends to produce, but only the theory of the government's case." *United States v. Ivy,* 83 F.3d 1266, 1281 (10th Cir. 1996) (citing *United States v. Levine*, 983 F.2d 165, 166-167 (10th Cir. 1992). Further, "a bill of particulars may not be used to compel the government to disclose evidentiary details or 'to explain the legal theories upon which it intends to rely at trial.'" *United States v. Gabriel,* 715 F.2d 1447, 1449 (10th Cir. 1983) (quoting *United States v. Burgin,* 621 F.2d 1352, 1359 (5th Cir. 1980)).

### III.   Discussion

Rodriguez-Lopez contends that the Superseding Indictment, the discovery already produced, and the additional government work product analyzing the discovery fail to give constitutionally adequate notice of the substance of the charges. In support of his motion, Rodriguez-Lopez cites several cases detailing elements of the conspiracy charge the government must prove in order for the jury to find the defendant guilty. However, it is not necessary that the government reveal how it will prove the charges, only that it reveal what is charged. *United States v. Kendall*, 665 F.2d 126, 137 (7th Cir. 1981).

The government has provided Rodriguez-Lopez with, *inter alia*, a list of co-defendants who will be testifying against the defendant, summaries of three hundred (300) statements made by the co-defendants, and law enforcement and lab reports provided at discovery which identify at

least thirty-two (32) specific occasions when conspirators were observed in drug trafficking activities.  In addition, the government arranged a meeting with all defense counsel during which it detailed its theory of the case.  Further, the government has expressed willingness to discuss various matters at issue with Rodriguez-Lopez's counsel, at which time it is willing to identify specific discovery page numbers and telephone numbers corresponding to particular events in which the defendant is implicated.

The information already disclosed by the government, and the information the government is willing to disclose upon request, is more than adequate to aprise Rodriguez-Lopez of the charges against him.  Additional information Rodriguez-Lopez seeks is not obtainable through a bill of particulars.

WHEREFORE,

**IT IS ORDERED** that Defendant Rodriguez-Lopez's Motion for a Bill of Particulars, filed July 5, 2006 (*Doc. 139*) is **DENIED**.

Dated July 27, 2006.

　　　　　　　　　　　　　　　　　　　　　　　_____
**SENIOR UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:

    Sharon R. Kimball, AUSA
    Albuquerque, New Mexico

Counsel for Defendant:

    Arturo B. Nieto, esq.
    Albuquerque, New Mexico