IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.          No. 05-CR-2458 JC

JUAN ARTURO CRUZ-MORA, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on a *Motion for Severance Submitted on Behalf of Defendant Moises Reyes-Bojorquez*, filed June 21, 2006 (*Doc. 130*) ("Motion"), and in which Defendant Rodriquez-Lopez joined on July 5, 2006 (*see Doc. 138*). The Court, having considered the Motion, the parties' submissions, the relevant authority, and being otherwise fully advised, finds the Motion not well-taken and it is DENIED.

**II.**     **Discussion**

Defendant Reyes-Bojorquez moves, pursuant to Federal Rule of Criminal Procedure 14(a), to sever his criminal trial from that of the other remaining defendants in this matter. In support of his Motion, Reyes-Bojorquez makes general reference to Rule 14(a) and cites *United States v. Muniz*, 1 F.3d 1018 (10th Cir. 1993). Reyes-Bojorquez then hastily concludes that undue prejudice will ensue if he is brought to trial with the remaining co-defendants in this case.

In its Response, the government correctly identifies the burden upon a defendant seeking severance as quite heavy, identifies the applicable law, and concludes that neither Reyes-

Bojorquez nor Rodriquez-Lopez has made the necessary showing to warrant exercise of the Court's discretion to sever.

Rule 8(a) of the Federal Rules of Criminal Procedure provides for joinder of offenses "of the same or similar character, or...based on...two or more acts or transactions connected together or constituting parts of a common scheme or plan." FED.R.CRIM.P. 8(a).  Indeed, because "severance is a matter of discretion and not a matter of right, the defendant bears the heavy burden of showing real prejudice to his case." *United States v. Petersen*, 611 F.2d 1313, 1331 (10th Cir. 1979); *see also United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir. 1996) ("The defendant seeking severance carries the burden of establishing clear prejudice if tried with another defendant.").  In addition, there exists "a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).  When defendants are charged with conspiring together to commit crimes, the case for trying them together is strengthened.  *United States v. Hardell*, 80 F.3d 1471, 1486 (10th Cir. 1996).  "[O]nly if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence" is severance required. *Zafiro*, 506 U.S. at 539.  "Neither a mere allegation that [a] defendant would have a better chance of acquittal in a separate trial, nor a complaint of the 'spillover effect' from the evidence that was overwhelming or more damaging against the co-defendant than that against the moving party is sufficient to warrant severance." *United States v. Morales*, 108 F.3d  1213, 1219 (10th Cir. 1997) (citation omitted); accord *Martinez*, 76 F.3d at 1152.

Reyes-Bojorquez contends that the impact of his rebuttal at trial will be diminished in the face of "stronger and more exhaustive evidence" offered against other defendants.  Mem. at 2.  In

2

this vein, Reyes-Bojorquez characterizes the evidence against him as "minimal." *Id.* Yet, the government intends to offer independent evidence that Reyes-Bojorquez "participated in hundreds of intercepted telephone calls discussing his deliveries of heroin to the organization's customers and his daily role in resupplying other couriers." Resp. at 3. The government also intends to introduce independent evidence to establish that Rodriguez-Lopez was observed by law enforcement delivering heroin, and was arrested in possession of 16 heroin balloons of which he claimed half.[1] *Id.*

In his Reply, Reyes-Bojorquez challenges the credibility of such evidence, a trial strategy lending little or no support to his argument for severance. Given the nature of the allegations against the defendants remaining in this case, the Court agrees with the government that the two moving the Court for severance are not significantly less culpable than the others and, even if they were, have shown no sufficient, undue prejudice will result from this joinder. Notably, any minimal risk of prejudice here is "of the type that can be cured with proper [rulings and] instructions." *Zafiro*, 506 U.S. at 540-41.

## III.   Conclusion

In summary, the Court is confident that no undue prejudice will result to either Defendant Reyes-Bojorquez or Rodriquez-Lopez from joint trial of all remaining defendants in this case, while severance would significantly undermine the goals of judicial efficiency and economy.

---

[1] It is this evidence against Rodriguez-Lopez in particular that Reyes-Bojorquez believes constitutes "stronger and more exhaustive evidence against certain co-defendants" that will "taint" him at trial. Reply at 4. Ironically, Rodriguez-Lopez joins in this Motion, which appears to undermine any argument of prejudice against Rodriguez-Lopez absent severance.

WHEREFORE,

**IT IS ORDERED that the *Motion for Severance Submitted on Behalf of Defendant Moises Reyes-Bojorquez*, filed June 21, 2006 (*Doc. 130*) is DENIED.**

Dated August 9, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE